FILED
2019 SEP 30 PM 12:54
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA, FLORIDA

IN THE CIRCUIT COURT OF THE __MIDDLE__ JUDICIAL CIRCUIT
IN AND FOR __Marion__ COUNTY, FLORIDA

STATE OF FLORIDA,

Petitioner,

v.

John Philip Di Stefano

Respondent.

SVP Case No.: __990538__

PETITION FOR MENTAL HEALTH EVALUATION, RISK ASSESSMENT, PROBABLE CAUSE HEARING, AND DISCHARGE.

COMES NOW the Respondent, John Philip DiStefano, pursuant to Article 1 Section 9, Florida Constitution, Section 394.918, Florida Statutes, and Rule 4.470, Florida Rule Civil Procedure (S.V.P.) (a) and submits the following:

FACTUAL BASIS FOR RELIEF

The Respondent has not had mental health evaluations and risk assessments — ON A YEARLY BASIS — after his civil commitment, in contravention with Article 1 Section 9, Florida Constitution, Section 394.918 (1), Florida Statutes, Rule 4.470, Florida Rule Civil Procedure (S.V.P.), and Jackson v. State, 802 So. 2d 1213 (Fla. 2d DCA 2002).

RELIEF SOUGHT

The Respondent wants an immediate discharge from Petitioner's custody or an immediate mental health evaluation, risk assessment and report from an independent psychologist and a limited probable cause hearing where he may submit same.

1

## AUTHORITY IN SUPPORT OF RELIEF SOUGHT

After a person is civilly committed he or she is entitled to annual reviews of their current commitment to determine if their mental condition has so changed to where it's safe for them to be at large. The treatment progress reports of the Florida Civil Commitment Center (FCCC) and annual reviews that were conducted by this Court did not examine Respondent's *current* mental condition. In Jackson v. State 166 So. 3d 906 at note 1. (Fla. 2d DCA 2015), the state argued that even if DCF were required to perform the annual examination, it complied by submitting the treatment progress report based on the information available to it at the time. *However, the court found that the report does not examine Jackson's current mental condition.* Instead it chronicles which parts of the treatment plan he had and had not completed before returning to prison a year earlier. Within the preceding years the staff that compiled Respondent's treatment progress reports, did not conduct an examination of Respondent's mental condition. Thus, absent an examination of Respondent's mental condition the State cannot meet its burden of proving that Respondent is likely to reoffend if released from institutional care. Furthermore, the treatment progress reports do not speak to the issue that this Court was required to determine, i.e., whether there is probable cause to believe that Respondent's mental condition has so changed that it is safe for him to be at large and that he will not engage in acts of sexual violence if discharged. This determination — *to know what may come to pass in the future* — necessitates an assessment of risk. The Resident Communication Form authored by FCCC, Clinical Director, Rebecca Jackson, (attached) states: "Your annual treatment progress review only reviews your progress in treatment. *Only outside evaluators make decisions regarding risk.*" The treatment progress reports of the FCCC do not contain an assessment of risk to determine Respondent's likelihood of re-offending if released from institutional care. In

2

Stephens v. State, 43 So 3d 709 (Fla. 1st CA 2010), the state's only witness was the clinical director of FCCC, Dr. Wilson, who had not worked with the petitioner but, in preparation for the hearing, had reviewed the treatment file. According to the file, Stephens was in the first of a four-phase treatment program. Dr. Wilson testified that the initial phase helped patients conceptualize and acknowledge the existence of a psychosocial problem. The following phases would include more intensive psychosocial treatment. Dr. Wilson ultimately agreed with the conclusion of Stephen's treating physicians that Stephen's had not yet addressed his sex-offending behaviors and should continue treatment at FCCC. On cross-examination, however, Dr. Wilson conceded that he had administered no assessment to determine whether Stephens would pose a risk to the community if released. The court held that the "evidence was insufficient to support a civil recommitment of sex offender under the Sexually Violent Predator Act, absent evidence that the sex offender would be likely to commit an act of sexual violence if released from institutional care." During the preceding years, the staff at FCCC that compiled Respondent's treatment progress reports, did not conduct risk assessments. Therefore, like in Stephens, absent an assessment of risk, the State cannot meet its burden of proving the Respondent is likely to reoffend if released from institutional care. Furthermore, the treatment progress reports are hearsay, as held by Judge Randell H. Row, III, in Johnson v. State, Case No.: 2011-11142-CIDL (Fla. 7th Cir. Ct. 08/10/17) (attached). The SVP Act commitment is good for one (1) year. At the end of the year the State must prove that Respondent still has a mental abnormality and personality disorder to recommit him. This task requires a mental health evaluation and risk assessment and that's exactly what the State and its agents have failed to do in the preceding years.

## CONCLUSION

The treatment progress reports were utilized as the sole instrument for the Court to determine whether Respondent was likely to reoffend and that allowed hearsay alone to permanently foreclose Respondent's release, thus causing the sequential false imprisonment of the Respondent. Therefore, the relief sought should immediately be *granted.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of this Petition has been furnished by U.S. Mail to the Office of the State Attorney on September 14, 2019.

/s/ John Philip DiStefano
Respondent
SVP # 990538
Florida Civil Commitment Center
13619 S.E. Hwy 70
Arcadia, FL 34266

## OATH

STATE OF FLORIDA

COUNTY OF DESOTO

BEFORE ME, the undersigned authority personally appeared the Respondent who was sworn and says that he read the foregoing Petition and its contents are true and correct.

Subscribed and sworn before me on _____, 2019.

/s/_____

Notary Public

4

CORRECT CARE
RECOVERY SOLUTIONS

## FLORIDA CIVIL COMMITMENT CENTER
## RESIDENT COMMUNICATION FORM

Type of Communication - Use ONLY for one of the choices:

☐ Request for Copies/Records
☐ Request for Clinical/Treatment
☐ Housing Committee Request
☒ Other: Dr. Sawyer, Director

Name: Johnson Curtis   Date: 10-27-15   FCCC # 991393   Unit: Rome

Informal Request/Grievance.

Resident request: Dr. Sawyer, I had an talk with you on 10-27-15 at 11:15 a.m. pertaining to my issues at hand, pertaining Chukes v State 90 So.3d 950 and Spivey v. State 100 So.3d 1254 (missing from the report any conclusion that Johnsons' mental abnormality or personality disorder was such that it was likely that he would engage in repeated acts of sexual violence. and the other issue that everyone annual review report states that I need to continue in treatment at F.C.C.C. I had an conference with the following people, Dr. Kaskey, Psy.D, Ms. Williams, MSW. Facilitator, and Ms. Warren, Team leader on 10-12-15 at 11:30 a.m. They all said that they can't make that conclusion. I told them that I want them to answer it on my Request to that affect that they can't make that conclusion. They said it for the court to make. They said they was going to get with Mr. Brian Masony, attorney. I would like for them to resolve the issue on paper to satisfy my issue. I have attached both issue that need to be answered on paper. I'm doing a follow-up by your request before I file an grievance on the issue. I want you to accept this as an Informal Request/Grievance. I would like to have a resolve within 15 days from this date.

Resident signature: [signature]   Date: 10-27-15

Date communication received: _____

Staff response to request:

Your Annual Treatment Progress Review only reviews your progress in treatment. Only outside evaluators make decisions regarding risk.

Dr. Rebecca Jackson, Ph.D.
Clinical Director

Staff signature: [signature]   Staff Name Printed: _____
Staff title: _____   Date: 10/29/15

revised: 10/2014

IN THE CIRCUIT COURT
SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY,
FLORIDA

PETITION NO. 2011-11142-CIDL
JUDGE: RANDELL H. ROWE, III

IN RE: The Commitment of

CARLISS JOHNSON,
Respondent
_____/

## ORDER OF DISCHARGE FROM INVOLUNTARY TREATMENT PURSUANT TO CHAPTER 394, FLORIDA STATUES

THIS MATTER was tried before the Court on August 8, 2017, pursuant to Section 394.918, Florida Statues (2016), and Rule 4.470, Florida Rules of Civil Procedure. The Court finds and adjudges as follows:

1. Section 394.918 states in pertinent part as follows: "At the hearing, the state bears the burden of proving, by clear and convincing evidence, that the person's mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence."

2. The parties stipulated to the introduction of two doctor's reports; Dr. Parker's for the defense and Dr. Rapa's for the State. Both doctors' reports concluded Mr. Johnson has met the statutory criteria detailed in 394.918; to wit, that Mr. Johnson's "mental condition has changed, and it is safe for the person to be at large and if released the person is not likely to engage in acts of sexual violence."

3. The State also presented a twelve-page annual report provided by the Florida Civil Commitment Center. The State then rested, and respondent moved for an order of discharge from

further treatment, contending the evidence was insufficient to support further involuntary commitment.

4. The hearsay report, standing alone, is not sufficient to prove, by clear and convincing evidence, that it is not safe for respondent to be at large, and that, if respondent is released, he is likely to engage in acts of sexual violence. See Section 394.9155, Florida Statues (2015); *Stephens v. State*, 43 SJd 709, (Fla. 1st DCA 2010). In contrast to the extensive evaluations conducted by two licensed psychologists, the FCCC report is insufficient to overcome the evidence supporting Mr. Johnson's release found in both doctor's reports.

WHEREUPON,

IT IS ADJUDGED that Respondent, Carliss Johnson, shall be discharged from involuntary treatment pursuant to Chapter 394, Florida Statues, and shall be released on Monday, August 14, 2017, from the custody of the Department of Children and Families under the prior Order of Voluntary Commitment entered in this case.

DONE AND ORDERED in chambers in Deland, Volusia County, Florida this 10 day of August, 2017.

_____
Randell H. Rowe, III
Circuit Court Judge

Copies to:
Craig Atack, Assistant Public Defender
atack.craig@pd7.org
Dustin Havens, Assistant State Attorney
HavensD@sao7.org
F.C.C.C.
LaCardenas@CorrectCareRS.com

Notarized Oath

STATE OF FLORIDA
COUNTY OF DESOTO

Sworn to or affirmed and subscribed before me on this ___24___ day of ___September___ 2018

*Notary Seal*

PAMELA CARSON
Notary Public - State of Florida
Commission # GG 363077
My Comm. Expires Aug 6, 2023
Bonded through National Notary Assn.

*Notary Signature*

☐ Personally known to me

☐ Produced identification (type of identification)
_____